**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEODORE PARISIENNE,

Plaintiff,

- against -

HEYKOREAN, INC.

Defendant.

Docket No. 1:19-cv-2257

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Theodore Parisienne ("Parisienne" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant HeyKorean, Inc. ("HeyKorean" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of MTA Conductor Warren Cox, owned and registered by Parisienne, a New York based photographer. Accordingly, Parisienne seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant transacts business in New York and is registered with the New York Department of State Division of Corporations.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Parisienne is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 159 Martin Luther King Jr. Place, 2nd Floor, Brooklyn, New York 11206.

6.     Upon information and belief, HeyKorean is a domestic business corporation organized and existing under the laws of the State of New York, with a place of business at 460 Park Avenue, Suite 430, New York, New York 10022. Upon information and belief, HeyKorean is registered with the New York State Department of Corporations to do business in New York. At all times material hereto, HeyKorean has owned and operated a website at the URL: www.HeyKorean.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.     Parisienne photographed MTA Conductor Warren Cox (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.     Parisienne is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9.     The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-023-503.

**B.     Defendant's Infringing Activities**

10.     On October 7, 2016, HeyKorean ran an article on the Website. See: http://www.heykorean.com/HK_FunTalk/layout.asp?board_no=54&curpage=31&seq=81160&cat_seq=174. The article featured the Photograph. A true and correct copy of the article and a screenshot of the Photograph on the article are attached hereto as Exhibit B.

11.     HeyKorean did not license the Photograph from Plaintiff for its article, nor did HeyKorean have Plaintiff's permission or consent to publish the Photograph on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

12.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13.     HeyKorean infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. HeyKorean is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15.     Upon information and belief, the foregoing acts of infringement by HeyKorean have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

18.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant HeyKorean be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4.     That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5.     That Plaintiff be awarded pre-judgment interest; and

6.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
          March 12, 2019

                                                      LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
      Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Theodore Parisienne*

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEODORE PARISIENNE,

                                        Plaintiff,          Civil Action No.: 1:19-cv-2257

                    -against-
                                                            AFFIDAVIT OF SERVICE

HEYKOREAN, INC.,

                                        Defendant.

State of New York)
                    SS.:
County of Albany)

Jeffrey Teitel, being duly sworn, deposes and says that deponent is over the age of eighteen years,
is employed by the attorney service, TEITEL SERVICE BUREAU INC., and is not a party to this
action.

That on the 14th day of March, 2019 at the office of the Secretary of State of New York in the
City of Albany he served the annexed Summons in a Civil Action, Civil Cover Sheet and
Complaint on **HEYKOREAN, INC.** by delivering and leaving with
Sue Loulty_____, a clerk in the office of the Secretary of State, of the State of New
York, personally at the Office of the Secretary of State of the State of New York, 2 true copies
thereof and that at the time of making such service, Deponent paid said Secretary of State a fee of
$40.00 Dollars.  That said service was pursuant to section 306 of the Business Corporation Law.

Deponent further states that he knew the person so served as foresaid to be a clerk in the Office of
the Secretary of State of New York, duly authorized to accept such service on behalf of said
defendant.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age | Height | Weight |
|-----|-----------|-----------|-----|--------|--------|
| __ Male | ✗ White | __ Light | __ 20-30 | ✗ 5'-5'5'' | ✗ 100-150 |
| ✗ Female | __ Black | ✗ Medium | __ 31-40 | __ 5'6''-6' | __ 151-200 |
| | __ Other | __ Dark | __ 41-50 | __ 6'1''-6'5'' | __ 200-250 |
| | | | __ 51-60 | __ 6'6''+ | __ 250+ |
| | | | ✗ 61-70 | | |

Sworn to before me this 14th day of
March, 2019

_Hilary Teitel_
Hilary Teitel
Notary Public, State of New York
Qualified in Albany County
No. 01TE5049179
Commission Expires September 11, 2021

_Jeffrey Teitel_
Jeffrey Teitel

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORE PARISIENNE, | Docket No.: 1:19-cv-2257-VSB |
| *Plaintiff,* | DECLARATION OF MIN SU KANG IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT |
| vs. | |
| HEYKOREAN, INC., | |
| *Defendant.* | |

I, Min Su Kang, am of full age and hereby depose:

1. I am an authorized representative of the corporate defendant named herein, HeyKorean, Inc. ("Defendant"). In such capacity, I am fully familiar with the facts set forth herein.

2. Defendant runs a website at http://www.HeyKorean.com ("the Website").

3. Defendant was unaware of the above-captioned action until April 22, 2019, when Richard Liebowitz, Esq. ("Mr. Liebowitz") emailed me, telling my answer was due.

4. Upon reading Mr. Liebowitz's email, I immediately contacted my attorneys at Kim & Bae, P.C.

5. Defendant did not receive any correspondence by email or mail from the plaintiff, Theodore Parissiene ("Plaintiff"), regarding this action prior to Mr. Liebowitz's email. Defendant did not receive a cease and desist letter from Plaintiff or his counsel.

6. Defendant has searched its records and confirmed that it has not received any correspondence by email or mail from the New York Secretary of State regarding this action as of the date of this affidavit.

7. Defendant removed from the Website the user post containing the photo that is the subject of this litigation ("the Post") on the same day it received Mr. Liebowitz's email.

8.  Defendant was unaware of the Post prior to learning of this litigation, and was unaware of any allegation that the Post contained copyrighted material.

9.  Defendant was unaware of any circumstances that would lead it to believe the Post contained copyrighted material.

10. Defendant did not adjust, repost, highlight, or feature the Post in any way on the website.

11. A user posted the Post without input or approval from Defendant.

12. Defendant did not monetize the Post, and did not received any money attributable to the Post.

13. No ads were run on the Post.

14. The Website has always prominently displayed a correct phone number, email address, and physical address for Defendant.

15. In fact, Mr. Liebowitz contacted me via the email that is displayed on the Website to inform me that my answer was late.

16. Over the past ten years, Defendant has received dozens of complaints relating to copyright via email, phone, or mail.

17. Each time, Defendant has responded to the complaint and deleted the post containing the alleged infringing material.

18. Defendant's policy is to disable a user's account if the account has three or more posts that have been flagged for copyright violations in a one-year period.

19. Defendant's policy is not to scrub pictures of metadata or take any other steps to make it more difficult for copyright owners to identify their work.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2019
New York, New York

_____
Min Su Kang
Operations Specialist
HeyKorean, Inc.

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORE PARISIENNE,<br><br>                *Plaintiff,*<br><br>     vs.<br><br>HEYKOREAN, INC.,<br><br>                *Defendant.* | Docket No.: 1:19-cv-2257-VSB<br><br>**ANSWER** |

Defendant HeyKorean, Inc. ("Defendant"), by and through his attorneys, Kim & Bae, P.C. for its answer and affirmative defenses to plaintiff Theodore Parisienne's ("Plaintiff") complaint (the "Complaint"), and states upon knowledge except where stated upon information and belief:

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiff's allegation is a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

2.      Plaintiff's allegation is a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

3.      Plaintiff's allegation is a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied except for that Defendant is registered with the New York Department of State.

4.      Plaintiff's allegation is a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

6.      Admit.

**STATEMENT OF FACTS**

**A.      Background and Plaintiff's Ownership of the Photograph**

7.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

8.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

9.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

**B.      Defendant's Infringing Activities**

10.       Defendant denies Plaintiff's allegations in this paragraph.

11.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAIST DEFENDANT)**
**(17 U.S.C. §§106, 506)**

12.       No response is required to this paragraph. To the extent a response is required, the allegations are denied.

13.       Plaintiff's allegation is a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

14.       Plaintiff's allegation is a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

15.       Defendant denies Plaintiff's allegations in this paragraph.

16.       Plaintiff's allegation is a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

17.     Plaintiff's allegation is a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

18.     Plaintiff's allegation is a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
1.     The Complaint fails to state a cause of action for which relief can be granted.

### Second Affirmative Defense
2.     Service of process was insufficient and/or invalid.

### Third Affirmative Defense
3.     The Complaint is barred by the doctrine of unclean hands.

### Fourth Affirmative Defense
4.     The Complaint is barred by the doctrines of waiver and equitable estoppel.

### Fifth Affirmative Defense
5.     The Complaint is barred by the doctrine of ratification.

### Sixth Affirmative Defense
6.     The Complaint is barred by the doctrine of *in pari delicto*.

### Seventh Affirmative Defense
7.     Plaintiff's claim is barred by Abandonment.

### Eighth Affirmative Defense
8.     Plaintiff lacks standing to assert the claim for relief.

### Ninth Affirmative Defense
9.     Plaintiff lacks capacity to assert the claim for relief.

### Tenth Affirmative Defense
10.     The claim in the Complaint are barred because Plaintiff failed to mitigate his alleged damages.

### Eleventh Affirmative Defense

11.      The Plaintiff has not incurred damages and/or his alleged damages are speculative

or inconsequential.

### Twelfth Affirmative Defense

12.      The Complaint is barred by the applicable statute of limitation.

### Thirteenth Affirmative Defense

13.      Plaintiff failed timely and properly to exhaust all necessary administrative,

statutory, and/or jurisdictional prerequisites to commence this action.

### Fourteenth Affirmative Defense

14.      The Plaintiff's claim is barred because the alleged infringement was fair use.

### Fifteenth Affirmative Defense

15.       Plaintiff failed to comply with her obligations under the agreement;

### Sixteenth Affirmative Defense

16.      Plaintiff's claim is barred by the doctrine of laches.

### Seventeenth Affirmative Defense

17.      Defendant had a license to use the copyrighted material allegedly infringed upon.

### Eighteenth Affirmative Defense

18.      Plaintiff's claim is barred because his work was unpublished at the time of alleged

infringement.

### Nineteenth Affirmative Defense

19.      Plaintiff's claim is barred because the Court lack personal jurisdiction over

Defendant.

### Twentieth Affirmative Defense

20.      Plaintiff's claim is barred by estoppel.

### Twenty-first Affirmative Defense

21.      Plaintiff's claim is barred by the Digital Millennium Copyright Act's Safe Harbor

provision, 17 U.S.C. § 512.

The Defendant reserves the right to assert additional defenses, including affirmative defenses, based upon further investigation and/or discovery.  The Defendant also reserves the right to amend or supplement this Answer based on further formal or informal discovery and/or in response to any amendments or supplements to the Complaint made by Plaintiff, and for any such amendments or supplements to the Answer to relate back to the filing of the original Answer.

> Respectfully submitted
> **KIM & BAE, P.C.**
> *Attorneys for Defendant HeyKorean, Inc.*
>
> /s/B.J. Kim, Esq.
> B.J. Kim, Esq.
>
> 40-21 Bell Boulevard
> 2nd Floor
> Bayside, NY 11361
>             -and-
> 2160 N. Central Road, Suite 303
> Fort Lee, NJ 07024
> P: (201) 585-2288 x 204
> E: bjkim@kimbae.com

**EXHIBIT 5**

# Attorney Richard Liebowitz Fights Troll Label – Gets Fine Reduced



April 12, 2018 – Lead attorney for The Liebowitz Law Firm, Richard Liebowitz, was labeled a copyright troll and sanctioned $10,000 by U.S. District Judge Denise Cote. Liebowitz fought the shocking sanction award claiming it was unlawfully punitive. Judge Cote reduced the sanction to $2,000 and ordered Liebowitz to take ethics classes.

The case in New York's Southern District is Steeger v. JMS Cleaning Services LLC. Cote had ordered the lawyer to pay the sanction for failing to follow notification requirements in a suit he filed for a photographer against a "mom and pop" office cleaning service, Cote said in a Feb. 28 sanctions order. The suit claimed JMS Cleaning Services violated the photographer's copyright by posting his leaf photo on its websi

Law 360 (https://www.law360.com/articles/1018141/ny-atty-dubbed-copyright-troll-hit-with-10k-sanction) reports that Liebowitz filed more than 100 new photography cases for the second quarter in a row in 3Q 2017, the most by any law firm based on its data compiled by Lex Machina. In New York, 595 copyright complaints were filed over the first 10 months of 2017, "largely due to a surge in filings by the Liebowitz Law Firm PLLC of Valley Stream, N.Y. In the vast majority of those cases, Liebowitz is representing individual photographers who are suing media outlets for unauthorized uses of their images. Many of the complaints follow a similar format," Law 360 says.

The Liebowitz Law Firm has continued its vigorous representation of photographers despite the judge's action and resulting unfavorable press coverage.

If you are receiving copyright demand letters or have been sued for violating copyright, make sure to review the useful tips: http://copyright-demand-letter.com/get-free-legal-advice (http://copyright-demand-letter.com/get-free-legal-advice)

# Liebowitz Files 556 Copyright Lawsuits In 2018

https://copyright-demand-letter.com/wp-content/uploads/2018/12/Screen-Shot-2018-12-28-at-12.01.03-PM.png



Attorney Richard Liebowitz (http://copyright-demand-letter.com/liebowitz-law-firm-copyright/) was again the most prolific filers of copyright lawsuits in 2018.   His law firm bested their last year's number of 461 cases filed by nearly 100.   He filed a very impressive 556 copyright cases in 2018.

The Valleystream, New York based attorney primarily represents copyright holders in photography based claims.    Liebowitz is widely regarded as the nation's biggest copyright troll.   His critics include not only the targets of his rapid-fire litigating, but also multiple judges in New York who have labeled him a copyright troll (http://www.insideradio.com/free/judge-says-richard-liebowitz-is-indeed-a-copyright-troll/article_912731ce-dcd5-11e8-a032-67c430d0749b.html) on the record.   He has been sanctioned (https://www.law360.com/articles/1018141/ny-atty-dubbed-copyright-troll-hit-with-10k-sanction) multiple times for abusive practices.   TechDirt reported that opposing counsels who are beginning to leverage Liebowitz's reputation (https://www.techdirt.com/articles/20180307/20363239383/court-orders-copyright-troll-to-post-10000-bond-after-he-lied-about-his-clients-licensing-agreement.shtml) to force is clients to post expensive bonds in litigation.

This astounding number of filings reflects the work of a pair of associate attorneys. Associate attorneys that appeared on some of his cases include **Attorney James H Freeman** and **Attorney Joseph Anthony Dunne**.

Liebowitz is still primarily a New York phenomenon, all but a handful of his cases were filed in New York.  See breakdown below.   He partnered on some cases with other law firms outside of New York:

Tennessee – Attorney **James R Wiggington** of Tennyson & Wigginton (http://nashville-law.com/about-us/)

New Jersey – Attorney **Ben David Manevitz** of the Manevitz Law Firm (http://www.manevitzlaw.com)

North Carolina – Attorney Seth Lee Hudson (https://worldpatents.com/team/seth-hudson/) of Clements Bernard Walker, PLLC (https://worldpatents.com) –

California – Attorney **Imran F Vakil** (https://www.nexiolaw.com/attorneys/imran-f.-vakil)


**NEW YORK**

Southern District – 363

Easter District – 89

Western District – 6

Northern District – 5


**OUTSIDE OF NEW YORK**

California – 3

Texas – 13

Colorado – 11

Missouri – 7

Illinois – 5

New Jersey – 4


# Leave a Reply

Your email address will not be published.

Required fields are marked *

## Liebowitz Law Firm Top Filer of Copyright Law Suits In 2017



December 30, 2017 – The law firm of Richard Liebowitz was the most frequent filer of copyright law suits in 2017.  The New York based law firm filed 469 copyright law suits in 2017, all of which were in New York.

Despite an embarrassing ruling that resulted in a $140,000 judgment against one of his clients (https://copyright-demand-letter.com/liebowitz-law-firm-client-hit-with-140000-judgment/), it was an impressive year for Liebowitz.  He more than quadrupled the number of cases filed by his closest competitor.

Of the photo-centric copyright law firms, The Law Firm of Higbee & Associates (http://copyright-demand-letter.com/higbee-associates-copyright/)appeared to be the second most frequent filer of copyright law suits with 99.  Higbee & Associates filed cases in several states, most frequently California, Florida, Illinois, New York, New Jersey, Texas and Washington.

The New York based Sanders Law Firm (http://copyright-demand-letter.com/who-are-these-companies/#sanders) filed 23 cases in 2017.  This is the third year in a row in which Sanders filed less cases than the preceding year.  Sanders filed 161 in 2015 and 138 in 2016.  Sanders may be winding down the copyright practice or significantly changing its strategy.

# Leave a Reply

